TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00423-CR







William Gaines, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0961598, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING






PER CURIAM


 A jury found appellant guilty of possessing cocaine, a controlled substance. Tex. Health
& Safety Code Ann. § 481.115 (West Supp. 1997). The jury assessed punishment, enhanced by two
previous felony convictions, at incarceration for two years in a state jail.

 By his first point of error, appellant contends the district court erred by failing to direct a
verdict of acquittal. This is a challenge to the legal sufficiency of the evidence. Madden v. State, 799
S.W.2d 683, 686 (Tex. Crim. App. 1990). We must determine whether, viewing all the evidence in the
light most favorable to the verdict, any rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820
S.W.2d 154 (Tex. Crim. App. 1991).

 Austin police officer David New testified that he saw appellant holding an object in his fist
that he then threw on the ground. This object proved to be a package of crack cocaine. Appellant attacks
the credibility of New's testimony, noting that two officers who were with New did not testify they saw this
act, New's view of appellant was (according to appellant) impaired, and the State did not prove that the
cocaine was not lying on the ground before appellant arrived. Appellant's argument fails because he asks
us to view the evidence in the light most favorable to him, rather than in the light most favorable to the jury's
verdict. We must assume the jury believed New's testimony, which supports a finding of each element of
the offense beyond a reasonable doubt. Point of error one is overruled. 

 Points of error two and three complain of allegedly improper jury argument. At the guilt
stage, the prosecutor told the jury it should care about this case because, "People who have to live out
there, families of people who are driving up and down that street buying cocaine, you ought to care about
them." Appellant contends this was an allusion to matters not in evidence and was not a proper plea for
law enforcement. The district court sustained appellant's objection to the argument and instructed the jury
to disregard it. The court overruled a motion for mistrial. We find the instruction to disregard sufficient to
cure any error and conclude that the district court did not err by refusing the mistrial motion. Cooks v.
State, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992). Point of error two is overruled.

 At the punishment stage, the prosecutor told the jury that its verdict "will reach the ears of
defense attorneys who are going to give advice to their clients about whether they think that they ought to
plead guilty or go to trial, and it will reach the ears of judges, and the judges are very interested in the price
that a Travis County jury --." Appellant's objection that this argument was outside the record was
sustained and the jury was instructed to disregard it, but again the court refused to grant a mistrial. Once
more, we find the instruction to disregard sufficient to cure any error. Point of error three is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: April 3, 1997

Do Not Publish



BR1">



NO. 03-96-00423-CR







William Gaines, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0961598, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING






PER CURIAM


 A jury found appellant guilty of possessing cocaine, a controlled substance. Tex. Health
& Safety Code Ann. § 481.115 (West Supp. 1997). The jury assessed punishment, enhanced by two
previous felony convictions, at incarceration for two years in a state jail.

 By his first point of error, appellant contends the district court erred by failing to direct a
verdict of acquittal. This is a challenge to the legal sufficiency of the evidence. Madden v. State, 799
S.W.2d 683, 686 (Tex. Crim. App. 1990). We must determine whether, viewing all the evidence in the
light most favorable to the verdict, any rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820
S.W.2d 154 (Tex. Crim. App. 1991).

 Austin police officer David New testified that he saw appellant holding an object in his fist
that he then threw on the ground. This object proved to be a package of crack cocaine. Appellant attacks
the credibility of New's testimony, noting that two officers who were with New did not testify they saw this
act, New's view of appellant was (according to appellant) impaired, and the State did not prove that the
cocaine was not lying on the ground before appellant arrived. Appellant's argument fails because he asks
us to view the evidence in the light most favorable to him, rather than in the light most favorable to the jury's
verdict. We must assume the jury believed New's testimony, which supports a finding of each element of
the offense beyond a reasonable doubt. Point of error one is overruled. 

 Points of error two and three complain of allegedly improper jury argument. At the guilt
stage, the prosecutor told the jury it should care about this case because, "People who have to live out
there, families of people who are driving up and down that street buying cocaine, you ought to care about
them." Appellant contends this was an allusion to matters not in evidence and was not a proper plea for
law enforcement. The district court sustained appellant's objection to the argument and instructed the jury
to disregard it. The court overruled a motion for mistrial. We find the instruction to disregard sufficient to
cure any error and conclude that the district court did not err by refusing the mistrial motion. Cooks v.
State, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992). Point of error two is overruled.

 At the punishment stage, the prosecutor told the jury that its verdict "will reach the ears of
defense attorneys who are going to give advice to their clients about whether they think that they ought to
plead guilty or go to trial, and it will reach the ears of judges, and the judges are very interested in the price
that a Travis County jury --." Appellant's objection that this argument was outside the record was
sustained and the jury was instructed to disregard it, but again the court refused to grant a mistrial. Once
more, we find the instruction to disregard sufficient to cure any error. Point of error three is overruled.

 The judgment of conviction is affirmed.


Befor